```
          UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


FREEMAN W. SMITH,                 :
                                  :
            Petitioner            :
                                  :    CIVIL NO. 1:CV-07-0568
       vs.                        :
                                  :    (Judge Caldwell)
CAMERON LINDSAY,                  :
                                  :
            Respondent.           :
```

*M E M O R A N D U M*

I.   Introduction

Freeman W. Smith, an inmate at FCI-Cumberland, Cumberland, Maryland, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was housed at USP-Canaan, in Waymart, Pennsylvania. Smith is serving a sixty-month sentence imposed by the United States District Court for the Northern District of New York for manufacturing, distributing, and possessing with intent to distribute, methamphetamine.

As clarified by his traverse, the 2241 petition makes two claims. First, the sentencing court erred in not giving Petitioner credit on his federal sentence for the period of time between the date he alleges he became eligible for parole on the state sentence he was then serving and the date his federal

sentence was imposed. Second, the anti-shuttling provision of the Interstate Agreement on Detainers Act (IADA) was violated when Petitioner was taken before a federal court for an initial appearance and then returned to state custody without completion of the federal proceedings.

The respondent warden has filed a response to the petition, seeking its dismissal based on Smith's failure to exhaust his administrative remedies within the Bureau of Prisons (BOP). This response was understandable, since Petitioner had not made clear in his petition who had failed to give him the proper credit, the BOP or the sentencing court. He had also failed to mention the IADA in his petition.

However, given the real nature of his claims, which do not touch on the BOP's calculation of how long Petitioner must remain confined on his federal sentence, Petitioner's failure to exhaust administrative remedies is not relevant to his petition. Nonetheless, we will dismiss it because Petitioner cannot invoke section 2241 if a motion under 28 U.S.C. § 2255 was available to litigate the issues presented in the 2241 petition. Section 2255 was available to Petitioner. Hence, we will dismiss this petition.

II.  *Background*

On February 25, 2003, Smith was arrested for a New York State parole violation. (Doc. 14-2, Ex. 2, Kitka Decl. at ¶ 5). He was sentenced on April 14, 2003, to a term of two- to six-years imprisonment. (*Id.; see also* Doc. 15, Traverse). On April 14, 2003, while serving his state sentence, Smith made an initial appearance on his federal charges. (Doc. 15, Traverse). Petitioner was subsequently "returned to state custody *that exact same day*" and resumed serving his state sentence. (*Id.*) (emphasis in the original).

On February 25, 2004, pursuant to a writ of habeas corpus ad prosequendum, Smith was transferred to federal authorities. (Doc. 14-2, Ex. 2, Kitka Decl. at ¶ 5). Smith remained in federal custody through March 11, 2005, when, after a plea of guilty, he was sentenced in federal court to a term of sixty-months imprisonment. (*Id.*)

Smith was returned to New York State custody on March 11, 2005. (*Id.* at ¶ 6). New York gave him sentence credit from the date of his arrest (February 25, 2003) through the date he was released on parole (July 12, 2005). (*Id.* at ¶¶ 7-8). This award of sentence credit by New York includes the period of time Smith spent in federal custody pursuant to the writ ad prosequendum. (*Id.* at ¶ 8). Smith's federal sentence started

running on July 12, 2005, the date Smith was paroled by New York authorities. (*Id.* at ¶ 9). Smith alleges he was eligible for parole on April 28, 2005, the date from which he contends the federal court should have given him credit on his federal sentence.

After consultation with New York authorities, the BOP granted Smith custody credit for the following dates: December 3, 2002, through December 6, 2002. (*Id.* at ¶ 10). As Smith's federal sentence was silent with respect to his previously imposed state sentence, Smith's federal sentence was computed as a consecutive sentence under 18 U.S.C. § 3584(a). Smith's projected release date is June 9, 2009. (Doc. 14-2, Ex. 1, Wallace Decl., Attach. A).

Smith took no direct appeal but did file a motion under 28 U.S.C. § 2255 with the sentencing court, which was denied. *See Smith v. United States*, No. 06-CV-243, No. 03-CR-459, 2006 WL 1742378 (N.D.N.Y. June 22, 2006).

III. *Discussion*

Petitioner's claim for credit on his sentence is a challenge to the validity of his sentence because he contends that the sentencing judge was obligated to give him the credit. Petitioner's claim that the IADA, 18 U.S.C. App. 2, §§ 1-9, was

-4-

violated is a challenge to his conviction because the remedy for that violation would be dismissal of the charge, either with or without prejudice. *Id.*, § 9. Challenges to a conviction and to the validity of a sentence are ordinarily brought under section 2255. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner should therefore have proceeded in the sentencing court under section 2255. *See* 28 U.S.C. § 2255 ¶ 1.[1]

     A defendant can challenge a conviction or sentence under § 2241 if a section 2255 motion is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255 ¶ 5, but this safety-valve language must be strictly construed. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Petitioner

---

[1] In contrast, a challenge to the execution of a sentence is properly made under section 2241 since it focuses on proper credit for periods of incarceration and not on the length of the sentence imposed. *Coady, supra,* 251 F.3d at 485-86 (collecting federal cases).

therefore cannot invoke section 2441 here merely because he already filed a 2255 motion and may find another one procedurally barred. *See* 28 U.S.C. § 2255 ¶ 8.[2]

We will issue an order dismissing this petition for lack of jurisdiction, the appropriate disposition when a federal defendant seeks to invoke section 2241 when a section 2255 motion should have been used. *See Cruz v. Miner*, 2007 WL 3096783, at *2 (3d Cir. 2007) (per curiam)(nonprecedential).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 30, 2008

---

[2] We recognize that the Second Circuit has stated that a violation of the IADA is not "actionable" under section 2255. *See Dennis v. Costello*, 189 F.3d 460, 1999 WL 668120, at *2 (2d Cir. 1999)(unpublished table opinion), citing *Reilly v. Warden, FCI-Petersburg*, 947 F.2d 43, 44 (2d Cir. 1991), but in context the statement means that a mere violation of the IADA lacks merit when brought in a section 2255 motion, not that section 2255 is procedurally unavailable for such claims.

-6-

```
            UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


FREEMAN W. SMITH,               :
                                :
            Petitioner          :
                                :   CIVIL NO. 1:CV-07-0568
      vs.                       :
                                :   (Judge Caldwell)
CAMERON LINDSAY,                :
                                :
            Respondent.         :
                                :
```

*O R D E R*

AND NOW, this 30th day of January, 2008, upon consideration of Freeman W. Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. 1), it is ordered that:

    1.   The petition (doc. 1) is dismissed for lack of jurisdiction.

    2.   The Clerk of Court is directed to close this file.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge